Barney MORRIS and Clarice Morris, his wife and Gay Hogan, Appellants,

v.

CITY OF CATLETTSBURG, Kentucky, a Municipal Corporation of Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

Jan. 24, 1969.

Rehearing Denied March 21, 1969.

Paul C. Hobbs, Ashland, for appellants.

Claude Asbury, James E. Adkins, Catlettsburg, for appellees.

CULLEN, Commissioner.

The appeal is from a judgment of the Boyd Circuit Court upholding an order of the Board of Zoning Adjustment of the City of Catlettsburg which granted for a particular lot in a residential district a variance from the requirements of the zoning ordinance as to minimum square footage, lot width, front yard depth and rear yard depth. The appeal is by neighboring property owners who had opposed the granting of the variance before the board.

Catlettsburg is a city of the fourth class. The proceedings in this case, before the Board of Zoning Adjustment, took place early in 1966 and the statute then governing the authority to grant variances in fourth-class cities was KRS 100.580(1)(c). (This statute has since been superseded by the comprehensive zoning law of 1966, KRS 100.111 to 100.361.) The authority was to grant, "in special cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

Prior to 1965 the lot here in question conformed to the zoning requirements and there was situated upon it a two-story residence. In 1965, in connection with a project for a new highway, the State Highway Department condemned and took the house and approximately two-thirds of the lot. This left the lot with only a little more than one-half of the minimum square footage and depth required by the zoning ordinance for a residential lot.

At the time of the condemnation the lot was owned by Thelma Childers. Subsequently Kathleen Bowling became interested in the lot and in the house, which the Highway Department had not yet moved from the lot. Mrs. Bowling purchased the house from the Highway Department and made a conditional agreement with Mrs. Childers for the purchase of the lot. Mrs.

Bowling then went before the Board of Zoning Adjustment with an application for a variance from the requirements of the zoning ordinance as to square footage, lot width, front yard depth and rear yard depth, which would enable her to move the house onto the remaining one-third of the lot, facing it sideways to the street, and use it for a residence. Neighboring property owners appeared in protest.

The board handled the matter on a strictly informal basis. No evidence was taken and no findings of fact were made. It appears that the board decided to grant the variance for the reasons (1) that variances had been granted for some other nearby property that was in a similar situation as a result of the highway condemnations, and (2) that it was in the interests of the city to keep as much residential property as possible on the tax rolls. The record of the proceedings before the board consisted only of the application and the order granting the variance.

The protesting neighbors appealed to the circuit court but of course had no record to submit as to what had transpired before the board and what the board had considered in reaching its decision. Counsel for Mrs. Bowling moved to dismiss the appeal because of the lack of any such record. The court overruled that motion and directed that a trial de novo be held in' the court. That was done and the trial was strictly de novo in character. The court would not permit the protesting neighbors to introduce evidence as to what had transpired before the board or what factors the board had taken into consideration. At the close of the trial the court entered judgment upholding the order of the board.

It appears that the proceedings in this case, from start to finish, were conducted in complete and utter disregard of American Beauty Homes Corp. v. Louisville, etc., Ky., 379 S.W.2d 450. That case holds that on an appeal to a court from the action of an administrative body such as (specifically) a board of zoning adjustment the

court's power of review is limited to a determination of whether the action of the body was *arbitrary* on the basis of what evidence was heard and what proceedings took place before the body; that a trial de novo cannot be held in the court; and that the action of the administrative body will be considered arbitrary if (1) the proceedings before the body did not afford procedural due process or (2) the action of the body was not supported by substantial evidence heard by it.

We have held that procedural due process by an administrative body includes:

"* * * a hearing, the taking and weighing of evidence if such is offered, a finding of fact based upon a consideration of the evidence, the making of an order supported by substantial evidence, and, where the party's constitutional rights are involved, a judicial review of the administrative action. * * *" Kentucky Alcoholic Beverage Control Board v. Jacobs, Ky., 269 S.W.2d 189.

Plainly, the proceedings before the Board of Zoning Adjustment on the instant case did not afford procedural due process— there was no real hearing; no taking of evidence; no finding of fact; nothing to support the order. This means that the action was arbitrary and could not properly be upheld by the circuit court. The absence of a record showing a due-process proceeding was not, as suggested by the appellee, a ground for dismissing the appeal to the circuit court, for if that were so an administrative agency could effectively forestall any judicial review of its action simply by denying a due process hearing.

The circuit court, of course, had no power to conduct a de novo trial. Its power was limited to determining whether the board had acted arbitrarily. Since the board in this instance had acted arbitrarily the court should have set aside the board's

order and remanded the case to the board with directions to reconsider the application for a variance in a due-process proceeding.

The judgment is reversed with directions for the entry of a judgment in conformity with this opinion.

All concur.