**FISCAL COURT OF JEFFERSON COUNTY, Kentucky, et al., Appellants,**

v.

**Lynn OGDEN et al., Appellees.**

Court of Appeals of Kentucky.

March 4, 1977.

Rehearing Denied July 22, 1977.

Discretionary Review Denied Nov. 14, 1977.

Bert T. Combs, Richard W. Iler, Tarrant, Combs, Blackwell & Bullitt, Herman E. Frick, Frazee, Frick & Gates, Frank H. Thiemann, Jr., Alex F. Talbott, John G. Carroll, Louisville, for appellants.

Bill V. Seiller, Louisville, for appellees.

Gary Levy, Louisville, for amicus curiae.

Before WINTERSHEIMER, LESTER and WILHOIT, JJ.

WINTERSHEIMER, Judge.

This appeal was initiated by the Fiscal Court and the Louisville and Jefferson County Planning Commission from a judgment which set aside a rezoning decision of the Jefferson County Fiscal Court. The complaint was filed on January 10, 1973. The case was heard on the record below and a judgment was issued on November 29, 1973. Notice of appeal was filed December 17, 1973. On appeal, the amicus curiae brief was admitted on behalf of the Strategies for Environmental Control, Inc., Action for Clean Air, Inc., and Louisville Audubon Society. The Supreme Court transferred this case to the Court of Appeals on September 14, 1976. This Court reverses the judgment of the trial court.

The Appellant, Marshall Planning Mill, Inc., has owned since 1966 approximately ninety acres of land on the south side of Brownsboro Road at the intersection of Sincoe Lane in Jefferson County. At the time of the hearing the property was farm land generally surrounded by other farm land or single family residences. The Marshall

Planning Mill, Inc., was a commercial and residential developer for about twenty-five years in the Jefferson County area. The Appellant had been denied a zoning change on February 25, 1969. Thereafter, on April 22, 1970, The Comprehensive Plan was adopted for the entire Jefferson County area. On June 6, 1972, Appellant Marshall filed an application with the Louisville and Jefferson County Planning Commission for a change in zoning which was identical to the request that had been denied in 1969. Pursuant to a staff report and following a full public hearing on the application on July 6, 1972, the Planning Commission recommended that the property be rezoned. The Jefferson County Fiscal Court held a second public hearing on September 26, 1972, and adopted a resolution, dated December 12, 1972, approving the requested zone change. The Appellees, Lynn Ogden and others, filed suit in the Jefferson Circuit Court challenging the rezoning. The Jefferson County Circuit Court set aside the rezoning because it was not in agreement with The Comprehensive Plan as a matter of law.

The questions presented are as follows:

1. Was the trial court correct in holding that the proposed rezoning was not in agreement with The Comprehensive Plan as a matter of law?

2. Was the trial court correct in holding that the standards for determining neighborhood shopping centers were so vague and uncertain as to be arbitrary?

3. Was the trial court correct in applying the doctrine of res judicata as a bar to a subsequent rezoning application?

A careful examination of the record and the judgment of the trial court fails to reveal any valid basis for the Chancellor to have found as a matter of law that the rezoning did not conform to The Comprehensive Plan. It would appear that the trial court substituted its own opinion in this regard for the opinion of the Urban Planners that the proposed rezoning was in fact in conformity with the Plan. It is well settled in Kentucky that the rezoning process is completely within the purview of the local authorities charged with that responsibility. A "de novo" hearing by any court is not permitted unless the rezoning result is arbitrary. The Appellees contended that procedural due process was not provided. This question is subject to considerable debate both in this state and throughout the country. The question of the right to cross-examination and the necessity of swearing witnesses has always been troublesome. In many zoning hearings a technically informal atmosphere is found. Considering that most such proceedings involve emotional responses to technical issues, the informal atmosphere is perhaps best. Those opposed to any rezoning may be intimidated by an awesome formalistic procedure. Clearly, zoning hearings should provide for procedural due process in a psychologically humane climate. Administrative hearings generally provide greater latitude for public expression. This is an important element in the hearing process. The crucial element is the weight that the hearing body gives to the presentations made before it. It has been held that if not specifically requested, the right of cross-examination is waived. *Gibson v. Talbot County Board of Zoning Appeals*, 250 Md. 292, 242 A.2d 137 (1968). 27 A.L.R.3d 1310. It appears from this record that all parties who appeared were given ample opportunity to express their opinions although the specific right of cross-examination was not mentioned. The record in this case indicates that the public had a substantial opportunity to protest the zoning change both before the Planning Commission and the Fiscal Court. The record indicates that a large number of people attended both hearings. The Fiscal Court Public Hearing was in the evening and a variety of people, including some local attorneys, attended. Public protest has a legitimate place in public deliberations. In this instance such a protest did not prevail. Rebuttal time was offered and a member of the Fiscal Court spoke in opposition of the rezoning.

In considering the adherence to The Comprehensive Plan, it must be understood that any plan is just that. All plans must be flexible and not rigid. It does not appear that the differences cited by the Appellees are so substantial or significant as to amount to a deviation from a comprehensive plan. If plans were not flexible there would be no need for applications for rezoning. It must be remembered that any such rezoning application must be available for complete and careful review, including judicial review.

It further appears that The Comprehensive Plan for Louisville did contain proper and adequate standards for determining a neighborhood shopping center. The definition of neighborhood shopping center is not too vague so as to permit an arbitrary result. The standards should be sufficiently broad to meet the varied and diverse plans that will come before the zoning and legislative bodies for approval.

The matter of res judicata in zoning matters is a serious and vexing problem. The textbook writers indicate that there is a division of authority in the application of res judicata to rezoning requests. Certainly, the people affected by repeated and harassing rezoning applications are entitled to protection. There should be some safety for the public at large. Certainly, the doctrine of res judicata is a valuable tool in litigation arising from zoning changes. It clearly has a place in the law of zoning.

However, in the instant case an extended discussion of res judicata is not required. The second application by Marshall was more than two years after the original denial. In that two year period a comprehensive plan had been adopted. Further, the commission staff report had occurred since the original application. The Jefferson Freeway now intersects with Brownsboro Road east of the subject site. It is clear that the question of res judicata is not applicable since there was a substantial change of circumstances between the first and second application.

Therefore, the judgment of the trial court is reversed and this matter is remanded to the trial court for entry of a judgment in conformity with this opinion.

All concur.