Thomas J. KAELIN, et al., Movants,

v.

CITY OF LOUISVILLE, et al.,
Respondents.

Supreme Court of Kentucky.

Dec. 14, 1982.

Motion to Allow Late Filing of
Petition for Rehearing Denied
Jan. 27, 1983.

Alan T. Slyn, Louisville, for movants.

Walter R. Butt, III, Porter & Gulick, Alex F. Talbott, Max E. Simmons, Louisville, for respondents.

STEPHENS, Chief Justice.

The sole issue we decide on this appeal is whether the right of cross-examination is required by due process of law in a trial-type adjudicatory hearing before an administrative body. The Court of Appeals answered in the negative. We disagree, and reverse.

Respondent property owner, Bellarmine College, and respondent land developer, Highland Community Ministries, Inc. jointly applied to the Louisville and Jefferson County Planning Commission for a zone change. Following a public hearing, the Commission recommended that the existing zoning classification of the property be changed from single family residential to multi-family apartments. The Board of Aldermen of the City of Louisville accepted the recommendation and enacted an ordinance which accomplished the zone change. The movants, adjacent property owners

who opposed the zone change from its inception, appealed to the circuit court, seeking to have the ordinance invalidated. That court upheld the ordinance, as did the Court of Appeals. We granted discretionary review.

Although movants present several arguments, in view of our disposition of the case, we will discuss only one. During the course of the public hearing before the Commission, movants were specifically denied the right to cross-examine the applicants' witnesses whose testimony supported application for a zone change.

The Court of Appeals decided that even though movants were denied the right of cross-examination, they were "afforded a full and complete opportunity to present any and all evidence in support of their position." Relying on *City of Louisville v. McDonald*, Ky., 470 S.W.2d 173 (1971), the court reasoned that although movants had a right to a "trial-type hearing", such a right does not "normally" include the right of cross-examination. Apparently the court believes that the right to cross-examine is not required by due process if the facts of the particular case indicate that all parties have been afforded the opportunity to present their side of the question.

■ Basically, judicial review of administrative action is concerned with the question of arbitrariness. Section 2 of the Kentucky Constitution prohibits the exercise of arbitrary power over the "lives, liberty and property" of the citizens of the Commonwealth. In the interest of fairness and in order to comply with the mandate of Section 2, a party whose rights are affected by an administrative action is entitled to procedural due process. Moreover, administrative proceedings which affect a party's rights but do not afford an opportunity to be heard could likewise be classified as arbitrary. *American Beauty Homes Corp. v. Louisville*, Ky., 379 S.W.2d 450 (1964).

■ A constitutional due process requires a trial type hearing for the purpose of determining the adjudicative facts necessary to decide the issue. *City of Louisville*

*v. McDonald*, Ky., 470 S.W.2d 173 (1971). Procedural due process is required in proceedings before a zoning board. *Morris v. City of Catlettsburg*, Ky., 437 S.W.2d 753 (1969). The requisite procedural elements are a hearing, the taking and weighing of evidence, a finding of fact based upon an evaluation of the evidence and conclusions supported by substantial evidence. *McDonald, supra*, at 177. Proceedings before a Board of Zoning Adjustment were held to be a denial of procedural due process where there was no real hearing, no taking of evidence and no finding of fact. *Morris, supra*. A trial-type hearing is automatically required for disputes of *adjudicative facts* (as opposed to *legislative facts*).

It is beyond cavil that a hearing held for the purpose of granting and denying a zone change is of an adjudicatory nature. *McDonald, supra*. We are thus faced with the precise question of whether cross-examination is a specific right of procedural due process in such cases.

■ Respondents argue that cross-examination in a zoning hearing is not required. It is claimed: (1) that movants did not show prejudice to their case by the failure to allow cross-examination; (2) that movants were given every opportunity to present their issues; (3) that hearings before administrative boards should be less formal; (4) that to allow cross-examination would be more work for an already overburdened and underpaid Commission; (5) that cross-examination would serve no purpose other than to permit lawyers to attempt to intimidate witnesses, thus creating an "economic boon" to said lawyer, and (6) that each community should be allowed, through the political process, to determine its own procedure.

The purpose of a "trial-type hearing," as was stated in *McDonald, supra*, is to permit the development of all relevant evidence that will assist the administrative body in reaching its decision. In such a hearing, as we view it, the parties must have the opportunity to subject all evidence to close scrutiny so as to determine its trustworthiness. A trial-type hearing implies the opportunity

for full rebuttal, and the opportunity to impeach witnesses. Cross-examination is a time-tested and unique method of assisting in the quest for truth. Under the rules of the Commission, there is no opportunity to demonstrate the incompleteness, the untruth, the partiality or any other weakness or defect in the testimony of a witness. Without such opportunity, the search for truth may very well be impeded and restricted. In a hearing to terminate welfare benefits, the United States Supreme Court declared that the recipient must have an effective opportunity to defend by *confronting any adverse witnesses* which includes the right to "cross-examine the witnesses relied on by the defendant." (who sought to terminate benefits). *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The principle enunciated there applies with equal force to the situation in the present case.

When viewed in the light of the purposes of a trial-type hearing, and the mandate in *Goldberg, supra,* the arguments of respondents against the right of cross-examination are little short of frivolous. To the extent that *Fiscal Court of Jefferson County v. Ogden,* Ky.App. 556 S.W.2d 899 (1977) conflicts with the opinion in this case, it is overruled.[1]

We hold that, in a trial-type adjudicatory hearing before an administrative body, the right of cross-examination is required by due process of law.

The decision of the Court of Appeals and the judgment of the trial court is reversed. The case is remanded to the trial court with instructions to enter a judgment which orders a new hearing before the Louisville and Jefferson County Planning Commission in which the movants (and all parties) have the right of cross-examination.

All concur, except STEPHENSON, J., who dissents in a separate opinion.

STEPHENSON, Justice, dissenting.

Proceedings before a Planning Commission have traditionally been informal. In the statutory scheme this informality has been the hallmark of such public hearings. A "trial type" hearing does not require a replica of a court proceeding, although the majority opinion by imposing a right of cross-examination is heading in that direction. In my view, the reliance on *Goldberg* by the majority is misplaced. The situations are vastly different. Accordingly I dissent.

---

1. In that case the Court of Appeals said that in such cases that the question of the right of cross-examination is a troublesome one. The Court advocates an informal atmosphere in zoning cases and held, in effect, that there was no due process requirement of cross-examination.