UNION UNDERWEAR COMPANY, INC. d/b/a Fruit of the Loom, Appellant,

v.

Mary Kay SCEARCE, Workers' Compensation Board, Appellee.

No. 93–SC–000865–WC.

Supreme Court of Kentucky.

Feb. 16, 1995.

Rehearing Denied May 11, 1995.

Norman E. Harned, Joy D. Denton, Harned, Anderson & Bachert, Bowling Green, for appellant.

Morris Butler, Butler, Butler & Hudson, Greensburg, William A. Miller, Sr., Ferreri & Fogle, Louisville, for appellee.

ROBERT E. GILLUM, Special Justice.

Mary Kay Scearce (Scearce) quit school after the eighth grade and began working for the appellant at age sixteen (16). For twenty-one (21) years Scearce was a sewing machine operator, working eight to nine hours per day, six days a week, averaging Two Hundred (200%) percent of her production quota. The type of work Scearce performed required repetitive motion of her hands and arms.

In February, 1986, Scearce began experiencing pain in her right arm, shoulder and neck. Later she developed pain in her right wrist. The pain increased over time and Scearce was placed on temporary, total disability. She shortly returned to work as an examiner. However, as a result of continued pain Scearce was again placed on temporary, total disability. Thereafter, she filed this claim. Scearce testified that after she ceased working, her condition worsened, she was in constant pain, she could not raise her arm, could not sleep and she experienced numbness and tingling in her right side.

The Administrative Law Judge (ALJ) entered an Opinion and Award in favor of Scearce, finding that she had sustained a fifty percent (50%) permanent, partial, occupational disability. Appellant's Petition for Reconsideration was denied.

On appeal to the Workers' Compensation Board (the Board), the appellant asserted two arguments. First, appellant contends that there was insufficient evidence that Scearce's condition was work-related. Second, appellant argues that the use of the Form 107, as provided by KRS 342.033 and 803 KAR 25:011 § 13, was constitutionally defective. The Board reversed the ALJ, basing its findings on appellant's first argument that there was no substantial evidence that Scearce's condition was caused by work.

The Court of Appeals reversed the Board, reinstating claimant's award of benefits.

The first issue before this Court is one of first impression.

I. IN A HEARING BEFORE AN ADMINISTRATIVE BODY IS IT A VIOLATION OF CONSTITUTIONAL DUE PROCESS TO REQUIRE THE PARTY DESIRING CROSS-EXAMINATION TO ASSUME THE COST OF CROSS-EXAMINATION?

In this action the claimant, Scearce, introduced three (3) medical reports pursuant to KRS 342.033 and the Kentucky Workers' Compensation Board Rules of Procedure, 803 KAR 25:011, § 13. The appellant filed one (1) medical report under these provisions, and chose to take its remaining medical proof by deposition. Appellant filed objections to the introduction of claimant's medical reports and demanded that the physicians be produced for the purpose of cross-examination. The Administrative Law Judge (ALJ) overruled the objections of appellant.

■ The primary purpose of the workers' compensation statute is the elimination of common-law actions for personal injuries growing out of industrial operations. *Reliford v. Eastern Coal Corp.*, 260 F.2d 447 (6th Cir.1958), cert. denied, 359 U.S. 958, 79 S.Ct. 797, 3 L.Ed.2d 765 (1959).

■ The purpose of the amended workers' compensation statute is to provide for the swift and inexpensive resolution of compensation claims. *See generally,* William Haynes, *Kentucky Jurisprudence* —Workers' Compensation, § 1.4 (1986).

Appellant, in this case, was never denied the opportunity to cross-examine the claimant's physicians. 803 KAR 25:011 § 13(10) expressly provides for cross-examination when it states:

If a written medical report is admitted as direct testimony, any adverse party may depose the physician making the written report as cross-examination concerning it, and the deposition shall be filed as proof without a motion.

This rule applied equally to the claimant and the appellant in this case. The appellant chose not to incur the cost of cross-examination of claimant's physicians.

 Administrative due process does require that cross-examination be guaranteed. *Kaelin v. City of Louisville*, Ky., 643 S.W.2d 590 (1982). However, administrative due process does not require that the cost of cross-examination be borne by the proponent of the direct examination. There is no case law or statutory law within this jurisdiction which asserts that the cost of cross-examination must be borne by the proponent of the direct examination. Under the provisions of KRS 342.033, either party is permitted to introduce direct testimony from a physician through a written medical report subject to cross-examination by the adverse party. If the claimant is required to produce, at claimant's expense, the physician for cross-examination, the introduction of medical reports as direct testimony under the provisions of KRS 342.033 would be eliminated. In each case the employer would demand the production of the physician at a deposition for cross-examination, and the claimant would not compound the cost by having the physician prepare the written report and also appear for deposition. This would defeat the purpose of the amended workers' compensation statute of providing for the swift and inexpensive resolution of compensation claims.

II. WERE THE FINDINGS OF THE ALJ THAT THE INJURIES SUSTAINED BY SCEARCE WERE WORK RELATED SUPPORTED BY SUBSTANTIAL EVIDENCE?

The facts as to claimant's work history, as set out above, were part of the ALJ's findings of fact. In addition, the ALJ found that the existence of claimant's permanent functional impairment was supported by the report of three (3) physicians. The ALJ went on to find, "The diagnosis made by Dr. Kasdan of Accumulative Fatigue Disorder, which he indicated was a synonym for Overuse Syndrome or Repetitive Strain Disorder, lends further credence to the findings...."

The Workers' Compensation Board's opinion found that the uncontradicted opinion evidence that the claimant's condition was not work related could not be summarily cast aside by the trier of fact. Citing *Mengel v. Hawaiian Tropic Northwest and Central Distributors, Inc.*, Ky.App., 618 S.W.2d 184 (1981). The Court of Appeals went on to say in this case, that there are some situations in which a board (ALJ) will be upheld on review when the board (ALJ) had made findings contradicting the medical testimony (*Id.*, at 186).

 When the Workers' Compensation Board reviews the findings of the ALJ, its review is restricted to a determination of whether the factual findings of the trier of fact was "clearly erroneous." *Hudson v. Owens*, Ky., 439 S.W.2d 565, 568 (1969). In addition, the Court of Appeals stated, "The medical evidence, although relevant and material, must be considered not as determinative but rather as a part of the totality of the circumstances upon which the board (ALJ) must make the factual determination...." (*Id.*, at 569).

 After reviewing the record, we find the findings of the ALJ were supported by substantial evidence; that is, evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men. *Smyzer v. B.F. Goodrich Chemical Company*, Ky., 474 S.W.2d 367, 369 (1971).

For the foregoing reasons the opinion of the Court of Appeals is affirmed.

LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

**10**

STEPHENS, C.J., files a separate dissenting opinion in which STUMBO, J., joins.

LAMBERT, J., not sitting.

STEPHENS, Chief Justice, dissenting.

Respectfully I dissent.

While I agree with the majority that there was sufficient evidence to prove that Scearce's condition was work-related and would affirm on those grounds, I cannot agree that Fruit of the Loom was not denied Constitutional due process in these administrative proceedings.

The United States Constitution necessitates that parties be guaranteed the right to cross-examine adverse witnesses in administrative proceedings. *See Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Kaelin v. City of Louisville,* 643 S.W.2d 590 (1982). The cost of cross-examination must be assumed by the party introducing the medical reports pursuant to KRS 342.033 to ensure the due process guarantees of the Constitution are met.

Although the administrative regulation provides for the possibility of cross-examination, it does not ensure that this fundamental right will be guaranteed. Because Fruit of the Loom is guaranteed these rights under the Constitution, they should not be compelled to bear the expense of taking that opportunity as a result of the actions of an adverse party.

As a result of the foregoing, I dissent.

STUMBO, J., joins in this dissenting opinion.