# MAGELLAN BEHAVIORAL HEALTH, Appellant,

v.

## Kelly HELMS; James L. Kerr, Administrative Law Judge; and The workers' Compensation Board, Appellees.

### No. 2003–CA–001312–WC.

Court of Appeals of Kentucky.

March 12, 2004.

As Modified March 26, 2004.

Anthony K. Finaldi, Ferreri & Fogle, Louisville, KY, for appellant.

Scott C. Wilhoit, Thomas M. Edelen, Clark & Ward, Louisville, KY, for appellee.

Before COMBS, JOHNSON, and MINTON, Judges.

*OPINION*

MINTON, Judge.

Magellan Behavioral Health seeks review of a decision of the Workers' Compensation Board which affirmed in part,

reversed in part, and remanded an opinion and award in favor of Kelly Helms. Though several issues were presented to the Board, Magellan seeks review only of that portion of the Board's opinion which held that the ALJ should have undertaken a two-staged analysis under Kentucky Revised Statutes (KRS) 342.0011(11)(a).

Helms was injured on January 9, 2001, while pulling a file out of the top of a loaded file cabinet. The cabinet tipped over twice; and, although she was able to keep it from completely falling on her, Helms described having incredible pain in her back and right leg following the incident. Her family physician took her off work for a week before returning her to light duty. Helms soon resigned from Magellan, claiming that her supervisor would not abide by her doctor's restrictions and insisted on her performing heavy work.

Following a hearing, the ALJ awarded Helms a temporary total disability award of $355.20 per week for the period from March 13, 2001, through May 21, 2001, and a permanent disability award of $23.09 per week, beginning May 22, 2001, and continuing for 425 weeks. The ALJ relied on the testimony of Dr. Thomas R. Lehmann in finding that Helms reached maximum medical improvement on May 21, 2001; and, therefore, her eligibility for temporary total disability ended on that date, pursuant to KRS 342.0011(11). While the Board affirmed the ALJ with respect to the factual determination regarding when Helms reached maximum medical improvement,[1] it held that the ALJ misinterpreted the definition of temporary total disability and remanded for reconsideration.

■ Our function upon review is to correct the Board when we perceive that the Board has "overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."[2] In this case, the Board held that KRS 342.0011(11) "establishes that TTD benefits are payable until 1) maximum medical improvement has been reached, *or* 2) the injury has reached a level of improvement that would permit a return to employment." (Original emphasis.)

As we stated in *AK Steel Corp. v. Commonwealth, Revenue Cabinet:*[3]

When analyzing a statute, we must interpret statutory language with regard to its common and approved usage.[4] In so doing, we must refer to the language of the statute rather than speculating as to what may have been intended but was not expressed.[5] In other words, a court "may not interpret a statute at variance with its stated language."[6] Therefore, any statutory analysis must begin with the plain language of the statute. In so doing, however, our ultimate goal is to implement the intent of the legislature.[7]

■ KRS 342.0011(11)(a) states that temporary total disability "means the condition of an employee who has not reached

1. *Citing Wolf Creek Collieries v. Crum,* Ky. App., 673 S.W.2d 735 (1984); *Snawder v. Stice,* Ky.App., 576 S.W.2d 276 (1979); *Paramount Foods, Inc. v. Burkhardt,* Ky., 695 S.W.2d 418 (1985); and *Union Underwear v. Scearce,* Ky., 896 S.W.2d 7 (1995).

2. *Western Baptist Hospital v. Kelly,* Ky., 827 S.W.2d 685, 687–688 (1992).

3. Ky.App., 87 S.W.3d 15, 17 (2002) (internal footnotes renumbered).

4. Ky.Rev.Stat. (KRS) 446.080.

5. *Commonwealth v. Allen,* Ky., 980 S.W.2d 278, 280 (1998).

6. *Id.* (citation omitted). *See also Gurnee v. Lexington–Fayette Urban County Government,* Ky.App., 6 S.W.3d 852, 856 (1999).

7. *See Wesley v. Board of Education of Nicholas County,* Ky., 403 S.W.2d 28, 29 (1966).

maximum medical improvement from an injury and has not reached a level of improvement that would permit a return to employment." While the Board was correct in recognizing that that definition encompasses two analyses, it erred when it rephrased them in disjunctive terms of "or" when the statute is clearly written using the conjunctive "and." In order to be entitled to temporary total disability benefits, the claimant must not have reached maximum medical improvement **and** not have improved enough to return to work.

In this case, once the ALJ determined that Helms had reached maximum medical improvement, she ended her eligibility for TTD benefits. Whether she remained under restrictions which prohibited her from returning to work even after reaching maximum medical improvement is relevant to the issue of the extent and duration of impairment.

The second prong of KRS 342.0011(11)(a) operates to deny eligibility to TTD to individuals who, though not at maximum medical improvement, have improved enough following an injury that they can return to work despite not yet being fully recovered. In *Central Kentucky Steel v. Wise*,[8] the statutory phrase "return to employment" was interpreted to mean a return to the type of work which is customary for the injured employee or that which the employee had been performing prior to being injured. However, the claimant in *Wise*, unlike Helms, did not reach maximum medical improvement until approximately one month after returning to his regular employment.[9] As such, his situation was clearly different from that presented by Helms. Just as the statutory language regarding maximum medical improvement was inapplicable in *Wise*, so is the statutory language

regarding a return to employment inapplicable in the case at hand.

Accordingly, once the ALJ found as a matter of fact that Helms had reached maximum medical improvement, Helms was no longer entitled to TTD benefits as of that date. The Board erred in its interpretation of KRS 342.0011(11). We, therefore, reverse its decision on that ground and reinstate that of the ALJ. Because no other section of the Board's decision is before us, we do not disturb the remainder of its opinion.

JOHNSON, Judge, concurs.

COMBS, Judge, concurs in result only.

---

8. Ky., 19 S.W.3d 657 (2000).

9. *Id.* at 659.