RENDERED: SEPTEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0829-MR

JERYN LEE AND JAMES COPSY                  APPELLANTS

v.            APPEAL FROM WARREN CIRCUIT COURT
HONORABLE JOHN GRISE, JUDGE
ACTION NO. 21-CI-01051

WARREN COUNTY CITY-COUNTY
BOARD OF ADJUSTMENTS;
BOWLING GREEN CITY-COUNTY
PLANNING COMMISSION OF
WARREN COUNTY, KENTUCKY;
COURTNEY MILLER; AND JETT
MILLER                                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, LAMBERT, AND McNEILL, JUDGES.

LAMBERT, JUDGE: Jeryn Lee and James Copsy appeal from the Warren Circuit

Court's order affirming the Warren County-City County Board of Adjustments'

(the Board) decision to approve the conditional use permit application of Courtney

and Jett Miller (the Millers) granted by the Bowling Green City-County Planning Commission of Warren County, Kentucky (the Planning Commission). We affirm.

The litigation centers around a piece of property located in a rural area (zoned agricultural) of Warren County. The Millers had purchased the property in 2014 and have used it for their personal residence. In 2021 the Millers applied for a conditional use permit (CUP) to operate a campground on 36.63 acres of the property. The Millers proposed to erect a maximum of five small cabins, no larger than 400 square feet each, which would accommodate a total of no more than four guests each (limited to two adults and two children per cabin). Each cabin would have two parking spaces, and there would also be an equipment building and picnic shelter in the enclosure. According to the Millers' proposal, the entrance would be from Barren River Road (a state highway), with a private driveway on the north side of the property to provide access (for kayaking, canoeing, and fishing) to Barren River. According to the aerial photos attached to the application, the property included a dense tree population which would serve to obscure the campground from public view.

Several area residents filed their opposition to the Millers' CUP application. Accordingly, a public hearing was held on August 12, 2022. The meeting commenced with the staff report, beginning with the CUP proposal, being read into the record. Next, objections were entertained by the Board. The attorney

representing the opposition read a summary of the objections; counsel also tendered the petitions (both on-line and handwritten) with a total of 260 signatures. The opponents voiced concerns over traffic, noise, trash, decreased water pressure, and incompatibility with the rural area. They chose to live out of town for the peace and quiet and were convinced that the campground would have a negative impact on this lifestyle.

Jett Miller then addressed the Board. He began by reading a prepared statement, including the family's history in Bowling Green. Jett had been a firefighter with the Bowling Green Fire Department from 2005 until 2020, when he was forced into retirement because of a work-related injury. He and his wife purchased the property on Barren River Road in 2014; the farm consisted of over 70 acres. The Millers improved the property and built their home on it. Miller said that he and his family had also chosen to move to the area for the peace and quiet. He addressed each of the opponents' concerns. Miller stated that he would begin with constructing a single cabin to see if the rest of the project was worth completing. He also agreed to specific restrictions on the property, including imposing a noise ordinance beginning at 9:00 p.m. each night.

At the conclusion of the testimony, the Board voted unanimously (7-0) in favor of the CUP approval. The Warren Circuit Court affirmed the Board's decision on June 27, 2022, and this appeal followed.

We begin by stating our standard of review, namely:

> Judicial review of an administrative decision is concerned with whether the action of the agency was arbitrary. *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Comm'n*, 379 S.W.2d 450, 456 (Ky. 1964). Three grounds exist for finding that an agency's decision was arbitrary: (1) the agency acted in excess of its statutory powers, (2) the agency did not afford procedural due process, and (3) the agency's decision was not supported by substantial evidence. *Id.*

*Baesler v. Lexington-Fayette Urban County Government*, 237 S.W.3d 209, 212 (Ky. App. 2007).

Furthermore, we are given specific guidance on reviewing the propriety of granting a CUP:

> KRS [Kentucky Revised Statute] 100.237 authorizes local zoning boards of adjustment to hear and decide applications for conditional use permits. A "conditional use permit" is an exception within Kentucky's zoning law which allows an applicant to undertake a beneficial land use not otherwise permitted in a particular zoning district. KRS 100.111(7). The local zoning ordinance supplies the standards the board of adjustment must follow in determining whether to grant or deny a conditional use permit. *Hardin County v. Jost*, 897 S.W.2d 592, 595 (Ky. App. 1995). Typically, these standards appear in the zoning ordinance as list of acceptable conditional uses that the board of adjustment may authorize in particular zones. *See Harrison Silvergrove Property, LLC v. Campbell County and Municipal Board of Adjustment*, 492 S.W.3d 908, 913 (Ky. App. 2016). The applicant is then able to choose from the list and apply for a conditional use permit, which the board of adjustment may approve, modify, or

-4-

deny. KRS 100.237. The board of adjustment must, however, adhere to fundamental due process requirements. *See Hilltop Basic Resources, Inc. v. County of Boone*, 180 S.W.3d 464, 469 (Ky. 2005) (right to a hearing, the taking and weighing of evidence, factual findings based on the record, an appropriate order, and a judicial review of the administrative action); *see also Kaelin v. City of Louisville*, 643 S.W.2d 590, 592 (Ky. 1982) (right to cross-examination).

In its final form, a conditional use permit consists of two parts: (1) a factual determination justifying the issuance of a permit; and (2) a statement of conditions which the applicant must meet for the use to be permitted. KRS 100.111(7). This latter part must be recorded in the board of adjustment's meeting minutes "and on the conditional use permit . . . ." KRS 100.237(1). Once approved, the local administrative official issues the conditional use permit. *See* KRS 100.111(7).

*Drakes Creek Holding Co., LLC v. Franklin-Simpson Cnty. Board of Zoning Adjustment*, 518 S.W.3d 174, 179-80 (Ky. App. 2017).

With these standards in mind, we address the appellants' arguments. Lee and Copsy first claim that the circuit court erred in affirming the Board's findings of fact which appellants allege are not supported by substantial evidence. Besides reiterating the concerns brought before the Board, the appellants contend that the Millers' proposal is a commercial venture which will adversely affect the seclusion and tranquility of the rural area and decrease the property values of neighboring residents. Lee and Copsy insist that "it is clear – to a certainty – that the project in issue is best compared to a motel." And that "there is no room for

-5-

difference of opinion among reasonable minds: the permit should properly have been denied, and the decision of the Board's [sic] was arbitrary."

We disagree. We have examined the record in its entirety (including the audiotaped session held before the Board) and can find no error in the circuit court's judgment upholding the Board's grant of a CUP to the Millers. As the circuit court found, "[t]he vast majority of the evidence here supports the Board's findings." The circuit court concluded:

> It is obvious to this Court that the Board believed that the generalized concerns of the opponents were addressed by the specific testimony of Zoning Administrator Jones and applicant Miller. The Board obviously concluded and found, among other things, that the use was authorized on property zoned AG [agricultural], and that adequate public roads, the restrictions of a 50' building setback, a buffer strip, off street parking limitations, hard-surfaced roads and parking, limited signage, a maximum of 5 cabins holding not more than 2 adults and 2 children for no more than 7 days, quiet times, and tree preservation adequately addressed the opponents' concerns. The decision cannot be called arbitrary because the evidence presented by the applicants was substantial and largely unrefuted in any substantive way.

The circuit court's focus, and rightly so, was on the propriety of the Board's decision given applicable ordinances and the substantial evidence presented before it. We decline to set it aside. *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972).

Lee and Copsy secondly argue that the Board "did not make appropriate adjudicative findings when finalizing its decision," and that the Board's "purported 'findings' are no more than a condensed summary of the zoning ordinance, with no explanation or development of the Board's reasoning." Again, we disagree. As this Court reiterated in *McKinstry v. Wells*, 548 S.W.2d 169, 173 (Ky. App. 1977):

> "Adjudicative facts are the facts about the parties and their activities, businesses, and properties. Adjudicative facts usually answer the question of who did what, where, when, how, why, with what motive or intent; adjudicative facts are roughly the kinds of facts that go to a jury in a jury case. Legislative facts do not usually concern the immediate parties but are general facts which help the tribunal decide questions of law and policy and discretion." 1 K. Davis *Administrative Law Treatise*, s 7.02, p. 413 (1958).

We again quote from the circuit court, this time in determining the adequacy of the Board's findings: "Though this Court always prefers more detailed and specific reference to the evidence supporting its findings to justify a land use authority's conclusions, we do not have to guess in this case what the evidence was." The Board's findings were adequate. *McKinstry*, *supra*.

The judgment of the Warren Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEES WARREN
COUNTY CITY-COUNTY BOARD
OF ADJUSTMENTS AND CITY-
COUNTY PLANNING
COMMISSION OF WARREN
COUNTY, KENTUCKY:

Hoy P. Hodges
Bowling Green, Kentucky

BRIEF FOR APPELLEES JETT AND
COURTNEY MILLER:

Christopher T. Davenport
James E. Wilson III
Bowling Green, Kentucky