RENDERED: FEBRUARY 9, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0929-WC

LSC COMMUNICATIONS                                      APPELLANT

PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-87447

ARTIE WINCHESTER; HONORABLE
AMANDA M. PERKINS,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                  APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

KAREM, JUDGE: On April 2, 2019, while employed by LSC Communications

(the "Employer"), Artie Winchester sustained a work-related injury to his right

knee. He initiated a claim for benefits under Kentucky Revised Statutes ("KRS")

Chapter 342, the Workers' Compensation chapter. After reviewing the evidence,

an Administrative Law Judge ("ALJ") awarded Winchester temporary total

disability ("TTD") benefits, permanent partial disability benefits, and medical benefits.

As relevant to this appeal, the ALJ awarded Winchester TTD benefits from April 2, 2019, through July 15, 2022. The Employer appealed the TTD award to the Workers' Compensation Board (the "Board"), disputing the date upon which Winchester reached maximum medical improvement ("MMI"). The Board affirmed the ALJ, and the Employer now appeals to this Court as a matter of right. For the following reasons, we affirm the Board's opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Winchester began working for the Employer – a printing company – in 1987. On April 2, 2019, Winchester cleared an obstruction in a machine and kneeled to pick up some paper that had fallen to the floor. When he stood, he felt a pop and immediate pain in his right knee.

On April 18, 2019, Dr. Daniel Hackett, an orthopedic surgeon, performed surgery on Winchester's knee to repair his meniscus. However, during physical therapy, Winchester re-injured his knee, and Dr. Hackett performed a second surgery on October 1, 2019.

After the surgery, Winchester continued with physical therapy and injections but continued to have pain. In August 2020, when a subsequent MRI's results proved inconclusive, Winchester was referred to Dr. Samuel Coy. Dr. Coy

ordered an additional diagnostic test in September 2020, which revealed a cyst. Dr. Coy recommended aquatic therapy, injections, and possibly exploratory surgery.

Winchester saw Dr. Coy again on November 30, 2020, and reported some relief from the injections and improvement in his pain and swelling when walking. He still reported pain when using stairs. At this time, Dr. Coy stated in a report that "[a]t this point his knee does not bother him enough to consider any further intervention." He placed Winchester at MMI and imposed the following permanent restrictions: no kneeling, squatting, crawling, and occasional standing, and walking.

In December 2020, the Employer's worker's compensation administrator sent Winchester a letter informing him that they were terminating his TTD benefits based on Dr. Coy's report placing Winchester at MMI and that his final TTD check would pay him through December 6, 2020. Winchester filed a Form 101 Application for Benefits in February 2021. The Employer ultimately terminated Winchester for taking too much time off work.

On July 23, 2021, Winchester saw Dr. Akbar Nawab. At that appointment, Dr. Nawab noted, "[t]he patient's old MRI demonstrates a possible tear, but that was back in September 2020." An updated MRI revealed a meniscal tear in the right knee, and Dr. Nawab recommended a third surgery. The

Employer's workers' compensation carrier approved the surgery, which Dr. Nawab was scheduled to perform in September 2021. However, while preparing for surgery, Winchester's pre-operative cardiac clearance revealed a heart condition that required surgery and stents, which delayed his knee surgery. Winchester underwent heart catheter surgery in October 2021.

At a follow-up with his cardiologist in January 2022, he was not cleared for surgery as he was required to remain on blood thinners until April 2022. The Employer's workers' compensation carrier had initially reinstated TTD benefits when Dr. Nawab recommended surgery in August 2021. However, they again terminated Winchester's TTD benefits in October 2021 when Winchester could not obtain cardiac clearance to proceed with the recommended surgery.

After his cardiologist cleared Winchester for surgery, Dr. Nawab performed Winchester's third knee surgery on April 26, 2022. His TTD benefits were reinstated at that time as well. Following the third surgery, Winchester reported improvement in his right knee with occasional popping after he sat down for an extended period. He also described no limitations with activities of daily living except for some discomfort going down steps. Dr. Nawab placed Winchester at MMI on July 15, 2022, with no permanent restrictions.

On March 6, 2023, the ALJ issued an Opinion, Award, and Order determining from the medical evidence that Winchester had reached MMI on July

15, 2022. As such, the ALJ awarded Winchester TTD benefits from the date of injury – April 2, 2019 – through July 15, 2022, when Dr. Nawab placed Winchester at MMI. Additionally, the ALJ issued an order denying the Employer's Petition for Reconsideration on March 28, 2023.

On July 19, 2023, the Board issued an opinion affirming the ALJ's decision. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### a. Standard of Review

As stated by the Kentucky Supreme Court, "[t]he claimant bears the burden of proof and risk of non[-]persuasion before the fact-finder with regard to every element of a workers' compensation claim." *Gibbs v. Premier Scale Company/Indiana Scale Co.*, 50 S.W.3d 754, 763 (Ky. 2001) (citations omitted).

Moreover, "where the party with the burden of proof was successful before the ALJ, the issue on appeal is whether substantial evidence supported the ALJ's conclusion." *Whittaker v. Rowland*, 998 S.W.2d 479, 481 (Ky. 1999) (citation omitted). Kentucky courts define "substantial evidence" as "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Smyzer v. B.F. Goodrich Chemical Co.*, 474 S.W.2d 367, 369 (Ky. 1971) (citation omitted).

Additionally, "KRS 342.285 designated the ALJ as a finder of fact" which "has been construed to mean that the factfinder has the sole discretion to determine the quality, character, weight, credibility, and substance of the evidence, and to draw reasonable inferences from the evidence." *Bowerman v. Black Equipment Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009) (citations omitted). Similarly, "an ALJ has sole discretion to decide whom and what to believe, and may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof." *Id*. (citation omitted). Indeed, "[a]lthough a party may note evidence that would have supported a different outcome than reached by an ALJ, such proof is an inadequate basis for reversal on appeal." *Miller v. Go Hire Employment Development, Inc.*, 473 S.W.3d 621, 629 (Ky. App. 2015) (citation omitted). Instead, "it must be shown there was no evidence of substantial probative value to support the decision." *Id*. (citation omitted).

### b. **Discussion**

On appeal, the Employer argues that the Board erred in affirming the ALJ's award of TTD benefits. Specifically, it claims the ALJ erred in relying on Dr. Nawab's opinion in concluding Winchester did not achieve MMI until July 15, 2022. The Employer argues the ALJ should have relied on the opinion of Dr. Coy, who opined Winchester reached MMI on November 30, 2020.

KRS 342.0011(11)(a) defines TTD as "the condition of an employee who has not reached [MMI] from an injury and has not reached a level of improvement that would permit a return to employment[.]" In *Magellan Behavioral Health v. Helms*, 140 S.W.3d 579, 581 (Ky. App. 2004), a panel of this Court construed the language "return to employment" to "mean a return to the type of work which is customary for the injured employee or that which the employee had been performing prior to being injured."

MMI is defined as an impairment that is "well stabilized and unlikely to change substantially in the next year with or without medical treatment." *Colwell v. Dresser Instrument Div.*, 217 S.W.3d 213, 217 (Ky. 2006) (citation omitted).

In this case, we agree with the Board that substantial evidence supported the ALJ's decision regarding the date Winchester achieved MMI. First, Dr. Coy's opinion on Winchester's MMI imposed permanent restrictions, such as no kneeling, squatting, or crawling. Thus, although Dr. Coy placed Winchester at MMI, he could not "return to the type of work which is customary for the injured employee or that which the employee had been performing prior to being injured." *Helms*, 140 S.W.3d at 581. Alternatively, Dr. Nawab released Winchester on July 15, 2022, with no permanent restrictions.

Additionally, as the ALJ noted, the record reflects that Winchester's knee condition was not well-stabilized, as Dr. Nawab scheduled Winchester for a third surgery within the one year following Coy's MMI assessment. Additionally, Winchester's third MRI in July 2021 revealed a meniscal tear that was not clearly shown in his second MRI in September 2020. Dr. Nawab's July 23, 2021, medical records indicate that Winchester's "old MRI demonstrates a possible tear, but this was back in September 2020."

The ALJ was within her discretion to rely on the physicians' opinions and to draw reasonable inferences regarding MMI from Winchester's testimony and Dr. Nawab's records confirming Winchester's improvement following the third surgery. While there may have been conflicting evidence between Dr. Coy and Dr. Nawab concerning MMI, the ALJ was free to rely on Dr. Nawab's opinion as substantial evidence of when Winchester reached MMI. The ALJ correctly found that Winchester meets the criteria for entitlement to TTD benefits for the period awarded.

## CONCLUSION

We AFFIRM the Board's opinion affirming the ALJ's determination of MMI and award of TTD benefits as outlined in the March 6, 2023, and March 28, 2023, orders.

ALL CONCUR.


BRIEF FOR APPELLANT:

Kelley D. Gray
Louisville, Kentucky

BRIEF FOR APPELLEE:

Stephanie N. Wolfinbarger
Louisville, Kentucky