MARTIN–MARIETTA MATERIALS, INC.; Bedrock Investment, LLC; Sawyer Place, LLC; and Guttman Enterprise Limited Partnership, Appellants,

v.

BOONE COUNTY FISCAL COURT; Boone County Planning Commission; E–Town Development, Inc.; and Bullittsburg Baptist Church, Appellees.

E–Town Development, Inc.; and Bullittsburg Baptist Church, Cross–Appellants,

v.

Martin–Marietta Materials, Inc.; Bedrock Investment, LLC; Sawyer Place, LLC; Guttman Enterprise Limited Partnership; Boone County Fiscal Court; and Boone County Planning Commission, Cross–Appellees.

Nos. 2000–CA–001855–MR, 2000–CA–001979–MR.

Court of Appeals of Kentucky.

Nov. 1, 2002.

Mark D. Guilfoyle, Richard G. Meyer, Deters, Benzinger, & LaVelle, P.S.C., Covington, KY, for Appellant/Cross–Appellee Martin–Marietta Materials, Inc.

John R. Kummer, Ware, Bryson, West & Kummer, Edgewood, KY, for Appellants/Cross–Appellees Bedrock Investment, LLC; Sawyer Place, LLC; and Guttman Enterprise Limited Partnership.

Mark D. Guilfoyle, Deters, Benzinger, & LaVelle, P.S.C., Covington, KY, for Appellant/Cross–Appellee Martin–Marietta Materials, Inc.

Jeffrey C. Mando, Mary Ann Stewart, Adams, Stepner, Woltermann & Dusing, P.L.L.C., Covington, KY, Dale T. Wilson, Rouse, Skees, Wilson & Dillon, Florence, KY, Larry J. Crigler, Burlington, KY, for Appellees/Cross–Appellees Boone County Fiscal Court and Boone County Planning Commission.

Kevin L. Murphy, David C. Nalley, Kevin L. Murphy & Assoc., PSC, Covington, KY, for Appellee/Cross–Appellant Bullitts-

burg Baptist Church and E–Town Development, Inc.

Jeffrey C. Mando, Adams, Stepner, Woltermann & Dusing, P.L.L.C., Covington, KY, for Appellees/Cross–Appellees Boone County Fiscal Court and Boone County Planning Commission.

Kevin L. Murphy, Kevin L. Murphy & Assoc., PSC, Covington, KY, for Appellees/Cross–Appellants Bullittsburg Baptist Church and E–Town Development, Inc.

Before DYCHE, GUDGEL, and HUDDLESTON, Judges.

*OPINION*

DYCHE, Judge

When pared of its non-essential rhetoric, the issue in this hard-fought and thoroughly litigated case is a relatively simple one: Have the appellants produced evidence of substance which compels the granting of their petition for a zone change/map amendment for the property in dispute? Put differently, was the Boone Fiscal Court's action, in denying such a change, arbitrary? *Landgrave v. Watson*, Ky. App., 593 S.W.2d 875, 878 (1979).

KRS 100.213 provides, in part, that

Before any map amendment is granted, the planning commission or the legislative body or fiscal court must find that the map amendment is in agreement with the adopted comprehensive plan, or, in the absence of such a finding, that one (1) or more of the following apply and such finding shall be recorded in the minutes and records of the planning commission or the legislative body or fiscal court:

(a) That the existing zoning classification given to the property is inappropriate and that the proposed zoning classification is appropriate;

(b) That there have been major changes of an economic, physical, or social nature within the area involved which were not anticipated in the adopted comprehensive plan and which have substantially altered the basic character of such area.

Appellants sought a zone change for their 575 acres from the existing zoning of Agriculture (A–1), Agriculture Estate (A–2), and Commercial Services (C–3) to Industrial Four (I–4) to allow them to construct and operate a subsurface limestone mine. Besides the governmental bodies charged with making this legislative, but quasi-judicial, decision, interested parties were landowners in the area who claimed that they would be adversely affected by the change and the operations conducted following the change.

Appellants filed voluminous documentation with their applications for the change. We have examined the applications and supporting reports and other documentation.

The staff of the Boone County Planning Commission conducted extensive investigation of the application and the circumstances surrounding the proposed change. The Zone Change Committee of the Planning Commission made a thorough report to the Commission, with findings which were adopted by the Commission, and, ultimately, the Fiscal Court. We have also considered these items, along with the minutes of the hearing conducted by the Planning Commission and "argument-type" hearing conducted by the Fiscal Court.

It is obvious that each of the parties have invested substantial effort and resources into this battle. It is also obvious to us that the record does not compel a finding that the denial of the applications was arbitrary, i.e., not supported by substantial evidence.

In zoning cases the standard of judicial review is set forth in *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission,* Ky., 379 S.W.2d 450 (1964). Basically, the judicial review of an administrative decision provides that those issues are confined to questions of law which are encompassed in the question: "Was the administrative decision arbitrary?" By arbitrary we mean clearly erroneous and by clearly erroneous we mean unsupported by substantial evidence. By unreasonable it is meant that under the evidence or as the record is presented that there is no room for difference of opinion among reasonable minds. *Crouch v. Police Merit Board,* Ky., 773 S.W.2d 461 (1989).

*Danville–Boyle County Planning and Zoning Commission v. Prall,* Ky., 840 S.W.2d 205, 208 (1992).

■ Appellants seem to argue, without much success, that, because their proposed operation can somehow be shoehorned into compliance with the definitions of an I–4 zoning classification, it complies with the Comprehensive Plan. This is simply not true. The Comprehensive Plan envisions the subject area as Rural Lands, Developmentally Sensitive, and Rural Density Residential; these uses are, as one might imagine, residential in character, of not more than one dwelling per acre, and possessing conditions which limit the ability of the owner to develop. While the majority of the surface of appellants' land will remain undisturbed, 32 acres would be used for the mine portal and associated uses which, according to evidence in the record, and common sense, produce noise, vibrations, and dust and other debris incompatible with residential use.

■ Appellants next argue that the existing zoning is inappropriate, and that the

I–4 zone is appropriate. Martin–Marietta's argument below in this vein attempted to use the possibility of the establishment of large-scale hog farms and such uses to compare to their proposed operation, showing how much less offensive their quarry would be. This is irrelevant and not in the record. This argument has apparently been abandoned on appeal. If not, it has no merit.

 The final straw for appellants to grasp is that there have been major changes of an economic, physical, or social nature within the area which have substantially altered the basic character of the area. The only argument put forward by appellants to support this point is that the I–4 zone was adopted at all. They bring to our attention no other significant changes as contemplated by the statute. The legislative action, alone, does not meet the statutory criterion. We have no evidence of change sufficient to alter the basic character of the area.

The Boone Circuit Court thoroughly examined the record before it and rendered a well-written, thoughtful opinion in this case. The opinion and order are affirmed.

ALL CONCUR.