HILLTOP BASIC RESOURCES, INC.; Addison G. Stevens; Myrna Stevens; Rodney Woods; Sandra Woods; Donald Gene Hodges; Niki Carol Hodges; Rosalie Kippler; William E. Kippler; Wanda Kippler; Carl Taber; and Cynthia Taber, Appellants/Cross–Appellees,

v.

COUNTY OF BOONE, Kentucky; Boone County Fiscal Court, Appellees/Cross–Appellants.

No. 2003–SC–1052–DG, 2004–SC–0003–DG.

Supreme Court of Kentucky.

Dec. 22, 2005.

Wm. T. Robinson III, Luann Devine, Covington, Paul B. Whitty, Louisville, for Appellants.

Jeffrey C. Mando, Mary Ann Stewart, Adams, Stepner, Woltermann & Dusing, PLLC, Covington, for Appellees.

GRAVES, Justice.

Both Appellants, Hilltop Basic Resources, Inc., et. al. [hereinafter "Hilltop"], and Appellees, County of Boone, Kentucky, et. al. [hereinafter "Boone County"], appeal a Court of Appeals order vacating and remanding a judgment of the Boone Circuit Court. This Court granted discretionary review, and we now reverse the Court of Appeals and remand the matter for further consideration.

Hilltop sought to mine underground limestone in a rural area of Boone County not zoned for subsurface mining. Consequently, on December 19, 1999, Hilltop applied to the Boone County Planning Commission for a zoning map amendment. After extensive review, the Boone County Planning Commission recommended, by a vote of seven (7) to five (5), that an amendment be granted. Once the Planning Commission made its recommendation, the matter reverted by statute to the Boone County Fiscal Court for approval. KRS 100.211. The administrative record sub-

mitted to the Boone County Fiscal Court contained findings both for and against the amendment. The Boone County Fiscal Court voted three (3) to zero (0) to override the Planning Commission's recommendation, and thus, deny Hilltop's application for zoning amendment.

Hilltop appealed the Fiscal Court's decision to the Boone Circuit Court, alleging (1) that the Fiscal Court acted arbitrarily and capriciously in disregard of the record; and (2) that it was denied due process before the Fiscal Court due to the bias of two of its members. Hilltop alleged that the members were biased because they made both public and private comments indicating they were "steadfast opponents to mining activities generally." The Boone Circuit Court affirmed the Fiscal Court's decision, finding that it was neither arbitrary nor erroneous as a matter of law.

■ The Court of Appeals reversed the Circuit Court's ruling, holding that prejudgment and bias by the two Fiscal Court members operated to deprive Hilltop of procedural due process. Specifically, the evidence suggested that the members communicated, in both public and private messages to their constituents prior to a hearing on the matter, their opposition to subsurface mining in general. One of the members was alleged to have said that she "would never vote for a mine in this area of Boone County" because "[t]he people in Boone County just don't want it." Judge Knopf dissented from the majority's opinion, arguing that it departed from the recognized standard of review in zoning cases and failed to appreciate the legislative aspects of the process. From this decision, we granted discretionary review to both parties. We now reverse and remand, finding nothing in this record which violates Hilltop's right to procedural due process of law.

The basic principles controlling this case were first set forth in comprehensive fashion over forty (40) years ago in *American Beauty Homes Corp. v. Louisville & Jefferson County Planning & Zoning Comm'n*, 379 S.W.2d 450 (Ky.1964) by the esteemed and oft-quoted Commissioner Clay. As in this case, *American Beauty Homes* involved an owner of a tract of land who sought to have the zoning classification changed for that tract of land from residential to commercial/industrial. *Id.* at 452. At the time, KRS 100.057 directed that all zoning determinations were to be reviewed *de novo* by the judiciary. *Id.* at 453. Commissioner Clay determined that this statute was unconstitutional in violation of the separation of powers doctrine, holding that zoning determinations were a uniquely legislative function which could not be imposed on, assigned to, or conferred upon the judiciary or agents thereof. *Id.* at 454.

■ Our predecessor Court went on to explain that since zoning determinations are purely the responsibility and function of the legislative branch of government, such determinations are not subject to review by the judiciary except for the limited purpose of considering whether such determinations are arbitrary. *Id.* at 456. Arbitrariness review is limited to the consideration of three basic questions: (1) whether an action was taken in excess of granted powers, (2) whether affected parties were afforded procedural due process, and (3) whether determinations are supported by substantial evidentiary support. *Id.*

Since *American Beauty Homes*, our Courts have continued to review zoning determinations affecting individual property owners pursuant to the arbitrariness framework set forth above. *See, e.g., Danville–Boyle County Planning and Zoning Comm'n v. Prall*, 840 S.W.2d 205, 208 (Ky.

1992); *City of Louisville v. McDonald,* 470 S.W.2d 173, 178 (Ky.1971); *Hougham v. Lexington–Fayette Urban County Gov.,* 29 S.W.3d 370, 373 (Ky.App.1999); *Fritz v. Lexington–Fayette Urban Cty. Gov.,* 986 S.W.2d 456, 458 (Ky.App.1998). In this case, the Court of Appeals found that the Fiscal Court's decision was arbitrary because it was made in violation of Hilltop's right to procedural due process. Specifically, the Court of Appeals held that procedural due process included a right to have zoning determinations made by an impartial tribunal and that the Fiscal Court did not operate as an impartial tribunal in this case since two of its members had expressed general viewpoints about the case and discussed such viewpoints with several of their constituents prior to a hearing on the matter. For the reasons set forth below, we disagree.

■■■ The Court of Appeal's opinion strays in this instance by making the unsupported and erroneous assertion that procedural due process by an administrative or legislative body includes a broad and general right to an impartial tribunal. The Fiscal Court is not a judicial or adjudicatory body and hence, it cannot and should not be classified or thought of as a tribunal. *See Black's Law Dictionary* 1512 (7th ed.1999) (defining tribunal as "a court or other adjudicatory body" and "the seat, bench, or place where a judge sits"). Although we have frequently referred to the process of making zoning determinations as being "quasi judicial" or "quasi adjudicatory,"[1] it does not follow that the legislative bodies making such determinations are performing judicial functions (and thus, are subject to the same rules of conduct or procedure as judicial officers). *See, e.g., McDonald, supra,* at 178–79 ("it is, nevertheless, true that rezoning a parcel of property is intrinsically not a judicial function").

■■■ More importantly, the right to an impartial tribunal is distinctly judicial in concept and function and is derived from the fundamental right of every criminal defendant to receive a fair trial. *See Rose v. Clark,* 478 U.S. 570, 577, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986). In allegiance to this concept of always endeavoring to ensure completely fair and unbiased determinations of guilt or innocence, judicial officers are held to very stringent guidelines and rules of conduct in order to ensure the highest possible degree of impartiality in both fact and appearance. *See, e.g., Commonwealth v. Brandenburg,* 114 S.W.3d 830, 834 (Ky.2003) (quoting *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942, 946 (1955)); *see also* Debra Lyn Basset, *Judicial Disqualification in the Federal Appellate Courts,* 87 Iowa L.Rev. 1213 (2002).

■■■ In the administrative or legislative context, however, the concept of impartiality is, by necessity and by function, more relaxed and informal. *See National–Southwire Aluminum Co. v. Big Rivers Electric Corp.,* 785 S.W.2d 503, 515 (Ky.App.1990); *Kelly v. Board of Education of Monticello Independent School Dist.,* 566 S.W.2d 165, 167–68 (Ky.App.1977); *see also Kentucky Cent. Life Ins. Co. v. Stephens,* 897 S.W.2d 583, 590 (Ky.1995) ("Procedural due process is not a static concept, but calls for such procedural pro-

---

**1.** Indeed, Commissioner Clay warned that characterizing the work of bodies making zoning determinations as "quasi judicial" or "quasi adjudicatory" was ill-advised since the use of such phrasing was apt to serve little purpose but to confuse. *American Beauty*

*Homes, supra,* at 458 n. 20 ("Though such an agency may adjudicate, it does not exercise judicial power and the term, instead of correlating the agency with the judiciary, may mean exactly the opposite.").

tections as the particular situation may demand."). For example, although such an arrangement would create an unacceptable appearance of bias in the judicial arena, this Court has held that the merging of the investigative and adjudicative roles in an administrative setting does not likewise create an unacceptable appearance of bias. *Nicholson v. Judicial Retirement & Removal Comm'n,* 562 S.W.2d 306 (Ky.1978); *see also Hougham, supra,* at 374 (*ex parte* contacts by members of legislative bodies making individual zoning determinations are generally not prohibited, nor do they deny affected parties due process of law).

▪▪▪ The fundamental requirement of procedural due process is simply that all affected parties be given "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (internal citation and quotation omitted). Procedural due process in the administrative or legislative setting has widely been understood to encompass "a hearing, the taking and weighing of evidence if such is offered, a finding of fact based upon a consideration of the evidence, the making of an order supported by substantial evidence, and, where the party's constitutional rights are involved, a judicial review of the administrative action." *Morris v. City of Catlettsburg,* 437 S.W.2d 753, 755 (Ky.1969), *see also Kaelin v. City of Louisville,* 643 S.W.2d 590, 591 (Ky.1982); *Wyatt v. Transportation Cabinet,* 796 S.W.2d 872, 873–74 (Ky.App.1990). The "right to an impartial tribunal" is nowhere to be found within this list, and rightfully so, since the right, as it is commonly conceived within the judicial context, cannot be guaranteed (nor need it be) in the administrative or legislative setting.

▪▪▪ However, decision makers are not free to be biased or prejudicial when performing nonjudicial functions. To the contrary, any bias or prejudicial conduct which demonstrates "malice, fraud, or corruption" is expressly prohibited as arbitrary. *National–Southwire Aluminum, supra,* at 515. Furthermore, decisions tainted by conflicts of interest or blatant favoritism are also prohibited as arbitrary. *See McDonald, supra,* at 177. On the other hand:

> Mere familiarity with the facts of a case gained by an agency [or other nonjudicial body] in the performance of its statutory role does not, however, disqualify a decisionmaker.... Nor is a decisionmaker disqualified simply because he has taken a position, even in public on a policy issue related to the dispute, in the absence of a showing that he is not capable of judging a particular controversy fairly on the basis of its own circumstances....

*Kelly, supra,* at 168 (quoting *Hortonville Joint School District No. 1 v. Hortonville Education Assoc.,* 426 U.S. 482, 493, 96 S.Ct. 2308, 2314, 49 L.Ed.2d 1, 9 (1976)); *see also* Mark W. Cordes, *Policing Bias and Conflicts of Interest in Zoning Decisionmaking,* 65 N.D. L.Rev. 161 (1989) (arguing that distinctions should be made between bias based on opinion and bias based on self-interest).

▪▪▪ At its core, arbitrariness review is concerned primarily "with the product [of legislative or administrative action], and not with the motive or method which produced it." *National–Southwire Aluminum, supra,* at 515; *see also Louisville & Jefferson County Metropolitan Sewer Dist. v. Seagram & Sons, Inc.,* 307 Ky. 413, 211 S.W.2d 122, 125 (1948). A focus on the product of the action (rather than the motive behind the action) balances the need to ensure fair and nonarbitrary treatment before a legislative or administrative body with the equally compelling need to

avoid undue infringement upon the legislative or nonjudicial aspects of the process or function of such bodies. Under the circumstances as they are presented in this case, we agree with Judge Knopf that Hilltop's right to receive fair and nonarbitrary treatment before the Fiscal Court is adequately protected (if not best accomplished) by adhering to the traditional standards which are set forth in *American Beauty Homes, supra.* These standards ensure, at a minimum, that all actions are taken on the "basis of a record and on the basis of substantial evidence." *McDonald, supra,* at 178.

In this case, there are no allegations of malice, fraud, corruption, or other conflicts of interest on the part of the Fiscal Court members. Moreover, despite the members' preexisting opinions regarding the community effects of subsurface mining in general, we find nothing in the record which indicates that these members did not seriously or honestly consider Hilltop's proposal. Rather, the allegations involve prejudgment or bias as to the general policy of whether to permit subsurface mining in Boone County. General policy-based controversies such as these are best ferreted out in the legislative arena, i.e., through expression of the will of the voters in the electoral process. *Id.*

The circumstances as they are reflected on the record in this case are not sufficient to deny Hilltop procedural due process of law. The Court of Appeals erred in failing to consider Hilltop's other arguments concerning whether the Fiscal Court's determination was supported by substantial evidence on the record and whether the determination was in conformance with the comprehensive plan and applicable zoning law. Because of these omissions, the case must be remanded back to the Court of Appeals for further consideration of these issues.

The decision of the Court of Appeals is reversed; and the case is remanded for further proceedings consistent with this opinion.

All concur.