HILLTOP BASIC RESOURCES, INC.; Addison G. Stevens; Myrna Stevens; Rodney Woods; Sandra Woods; Donald Gene Hodges; Niki Carol Hodges; Robert G. Kippler; Rosalie Kippler; William E. Kippler; Wanda Kippler; Carl Tabar, Individually, and by and through Hilltop Basic Resources; and Cynthia Tabar, Individually, and by and through Hilltop Basic Resources, Inc., Appellants.

v.

COUNTY OF BOONE, Kentucky and Boone County Fiscal Court, Appellees.

No. 2002–CA–001081–MR.

Court of Appeals of Kentucky.

April 14, 2006.

William T. Robinson, III, Covington, KY, Paul B., Whitty, Louisville, KY, for appellant.

Jeffrey C. Mando, Mary Ann Stewart, Covington, KY, James R. Schrand, Burlington, KY, for appellees.

Before COMBS, Chief Judge; BARBER and KNOPF, Judges.

## OPINION

COMBS, Chief Judge.

This case is once again before us after the Supreme Court of Kentucky (on December 22, 2005) reversed the previous opinion rendered by this court on October 10, 2003. The Supreme Court remanded it with directions that we address several issues raised on appeal by the appellants, Hilltop Basic Resources, Inc., and others (referred to collectively as "Hilltop").

Our 2003 opinion vacated a final order and judgment of the Boone Circuit Court in this zoning matter and remanded the case for additional proceedings. In our previous opinion, a majority of this Court concluded that Hilltop had been deprived of procedural due process during proceedings before the Boone County Fiscal Court after members of the fiscal court essentially announced (indeed, virtually committed) that they had "in some measure determined and judged the facts as well as the law of this case well in advance of hearing it." Court of Appeals opinion at 10. The majority wrote as follows:

> We reverse based upon the unavoidable perception that the commissioners' comments revealed an improper bias. Taken together, the statements created a clear appearance of impropriety in derogation of the presumption that the proceedings were undertaken in conformity with the fairness and integrity integral to due process.

> Vowing in advance of a fair hearing "never to vote for a mine in this area of Boone County" negates any vestige of impartiality. Nor do impartial decision-makers declare that a thoughtful consideration of the issues might be avoided by "recycling" previously prepared and rejected findings of fact. Regardless of a commissioner's philosophical predilections with respect to land use issues, unequivocal comments indicating a fixed intent as to a pending application cannot be justified or explained away. The appearance of impropriety is overwhelming.

Court of Appeals opinion at 11. The majority held that participants involved in zoning controversies are entitled to the

fundamental elements of due process-commencing with the basic premise that decision makers be impartial. The majority relied in part upon language contained in *City of Louisville v. McDonald,* 470 S.W.2d 173 (Ky.1971), where the court instructed as follows:

> [W]hen the local legislative body is used as a vehicle not to make generally applicable law, rules or policy, but to decide whether a particular individual as a result of a factual situation peculiar to his situation is or is not entitled to some form of relief, **then the so-called legislative body must act in accordance with the basic requirements of due process as are applicable generally.**

*Id.* at 178 (emphasis added). Thus, as the Boone County Fiscal Court was acting as a decision-maker in a quasi-judicial proceeding, the involvement of unbiased decision makers was inherent in the right of the participants before it to enjoy an "opportunity to be heard at a meaningful time and in a meaningful manner . . . ." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976).

Our Supreme Court disagreed, holding that an impartial decision maker is not an essential component of the due process afforded to participants involved in zoning determinations. *Hilltop Basic Resources, Inc. v. County of Boone,* 180 S.W.3d 464, 468 (Ky.2005). "In an administrative or legislative context ... the concept of impartiality is, by necessity and by function, more relaxed and informal." *Id.* It specifically included the quasi-adjudicatory proceedings involving zoning determinations as being subject to a "more relaxed" standard of due process. The Supreme Court also "found nothing in the record which indicates that these members did not seriously or honestly consider Hilltop's proposal." *Id.* at 470. Dismissing the argument that we had held to be

wholly determinative of the appeal, the Supreme Court remanded this matter for our consideration of Hilltop's remaining arguments.

Upon remand, we have carefully reviewed the record once again. We conclude that the appellants have not produced evidence that would compel the granting of their petition for a zoning map amendment when the substance of their arguments is reviewed under the more fluid standard announced by the Supreme Court. Consequently, we affirm the judgment of the Boone Circuit Court.

We adopt the following portion of our initial opinion regarding the factual basis of the appeal:

> In December 1999, Hilltop submitted to the Boone County Planning Commission an application for a zoning map amendment. At issue was a 534–acre area currently zoned for agricultural use which is located north of I–275 along the southern bank of the Ohio River in Boone County. Hilltop proposed that this tract be rezoned in order to accommodate its limestone mining operation. The proposal met with considerable public opposition. Following a public hearing in January 2000, the zone change committee of the planning commission held five meetings to review the details of Hilltop's application in relation to Boone County's zoning regulations and comprehensive plan. The committee concluded that the proposed use of the property was in compliance with the requirements of the zoning regulations and that it was consistent with the comprehensive plan.
>
> In May 2000, the committee voted to recommend to the planning commission that Hilltop's application be conditionally approved. Some weeks later, the vote was supplemented by a "Committee Report" that documented the basis for the

committee's findings and recommendations.

Despite the findings and recommendations of its committee, the planning commission voted down a motion to approve Hilltop's application for the zoning map amendment. The planning commission directed its staff to prepare written findings of fact supporting the commission's pending denial of the application.

At the planning commission's next meeting in June 2000, the staff presented the proposed findings for denial. Unexpectedly, however, and by a narrow margin, the planning commission decided to reject the proposed staff findings, voting instead to recommend approval of Hilltop's application subject to several conditions. The commission adopted a resolution recommending approval of the proposed zoning change in accordance with the previously prepared report of the zone change committee.

Hilltop's application proceeded on to the Boone County Fiscal Court for consideration. The fiscal court was presented with the extensive record compiled by the planning commission—including testimony from the initial public hearing and evidence developed over the course of the five meetings of the planning commission's zone change committee. The fiscal court received the planning commission's final recommendation for approval. It also reviewed a copy of the proposed findings of fact for denial of the application that the staff had prepared and that the planning commission later rejected. During a meeting conducted in July 2000, the fiscal court questioned the [planning commission] staff about the merits of the application.

Since an extensive administrative record had been compiled by the planning commission, the fiscal court decided to dispense with a trial-type hearing to consider Hilltop's application. On August 29, 2000, it opted instead to proceed with an argument-style hearing consistent with requirements outlined by the Kentucky Supreme Court in *City of Louisville v. McDonald*, Ky., 470 S.W.2d 173 (1971).[1]

A member of the planning commission addressed the fiscal court and explained the recommendation for approval; Hilltop's attorney made a presentation in support of its application for the zone map amendment. County residents opposed to the mining operation were then allowed to address the fiscal court, limiting their comments to matters contained in the administrative record. Following the hearing, the fiscal court voted pursuant to Kentucky Revised Statutes (KRS) 100.211 to override the recommendation of the planning commission.[2] As a basis for the denial for the proposed zoning

1. When a legislative body such as a fiscal court determines legislative facts, it may do so without a hearing unless a hearing is required by legislation which is applicable to the body concerned. *City of Louisville v. McDonald*, Ky., 470 S.W.2d 173 (1971). With respect to adjudicative facts, the legislative body [here, the fiscal court] has three alternatives if the planning and zoning commission conducted a trial-type due process hearing and made factual findings in support of its recommendation. First, the legislative body may follow the commission's recommendation without a hearing or only an argument-type hearing. Second, the legislative body may review the record made before the commission and determine from that evidence adjudicative facts which differ from those found by the commission. Third, the legislative body may hold its own trial-type hearing and, based upon the evidence presented at that hearing, find adjudicative facts different than those found by the commission. *Id.*

2. County Commissioner Lance Lucas had recused himself from the proceedings on the basis of a conflict of interest.

map amendment, the fiscal court adopted the findings of fact originally presented to the planning commission by its professional staff.

On appeal, the Boone Circuit Court concluded that the fiscal court's decision to override the recommendation of the planning commission was neither arbitrary nor erroneous as a matter of law and rejected Hilltop's contention that it had been deprived of due process as a result of the fiscal court proceedings. The trial court affirmed the decision of the fiscal court

. . . .

Opinion at 2–5.

Hilltop argues that the circuit court erred by failing to find arbitrariness in the fiscal court's denial of the proposed zoning map amendment. It contends that the fiscal court failed to make adequate findings of fact and that its findings were not supported by substantial evidence. We disagree.

KRS 100.213 provides, in part, that

Before any map amendment is granted, the planning commission or the legislative body or fiscal court must find that the map amendment is in agreement with the adopted comprehensive plan, or, in the absence of such a finding, that one (1) or more of the following apply and such finding shall be recorded in the minutes and records of the planning commission or the legislative body or fiscal court:

(a) That the existing zoning classification given to the property is inappropriate and that the proposed zoning classification is appropriate;

(b) That there have been major changes of an economic, physical, or social nature within the area involved which were not anticipated in the adopted comprehensive plan and

which have substantially altered the basic character of such area.

Parties appealing a zoning decision bear the burden of demonstrating that the decision was purely arbitrary.

In zoning cases the standard of judicial review is set forth in *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission*, Ky., 379 S.W.2d 450 (1964). Basically, the judicial review of an administrative decision provides that those issues are confined to questions of law which are encompassed in the question: "Was the administrative decision arbitrary?" By arbitrary we mean clearly erroneous and by clearly erroneous we mean unsupported by substantial evidence. By unreasonable it is meant that under the evidence or as the record is presented that there is no room for difference of opinion among reasonable minds. *Crouch v. Police Merit Board*, Ky., 773 S.W.2d 461 (1988).

*Martin–Marietta Materials v. Boone Co.*, 89 S.W.3d 428, 430 (Ky.App.2002), *citing Danville–Boyle County Planning and Zoning Comm'n. v. Prall*, 840 S.W.2d 205, 208 (Ky.1992).

As we have outlined above, the parties participated in an exhaustive proceeding and amassed an extensive record. With concerns about the requirements of due process no longer relevant, we are persuaded that the fiscal court's denial of Hilltop's application for a zoning map amendment was adequately supported by the evidence.

The fiscal court did not err as a matter of law by concluding that Hilltop's proposed use of the area was inconsistent with the comprehensive plan. There was no overwhelming evidence to prove that that the planning commission (and not the fiscal court) reached the correct decision: that

Hilltop's application for a zoning map amendment should be approved.

The commission's 1995 comprehensive plan classified Hilltop's acreage as "Rural Lands," "Developmentally Sensitive," and "Rural Density Residential." *Rural Lands* refers to wooded, agricultural, recreational, or low-density residential uses of up to one dwelling per two acres. *Rural Density Residential* envisions one dwelling per acre. *Developmentally Sensitive* designates an area as having physical characteristics that limit the land's ability to support urban development or as having natural characteristics that are important to a site's stability and visual character.

Evidence contained in the record indicates that the land use contemplated by Hilltop is incompatible with the classification. For example, residents in the area expressed concern about the potential for pollution from the dust generated by the mine; reduction of property values; physical damage to neighboring homes from the blasting; water quality; storm and waste water control; noise; increased traffic; and destruction of nearby historic and prehistoric cultural resources. Based on the record, the fiscal court found these concerns justified despite Hilltop's efforts to mitigate those effects of the development. As we have indicated, local authorities have broad discretion to determine the merits of each proposed zoning map amendment, and the circuit court did not err by finding substantial evidence to support the decision of the fiscal court to deny the petition.

■ The circuit court did not err by concluding that the fiscal court had made adequate findings of fact to support its denial of the petition. The fiscal court's findings of fact expressly incorporated the findings denying the petition that had been drafted by the staff of the planning commission in June 2000. In addition, the fiscal court found that:

> the proposed industrial use is incompatible with the planned greenbelt area, the residential growth which is growing westward toward the site, and the Ohio River frontage, which is a Developmentally Sensitive Area.

The fiscal court also noted its dissatisfaction with Hilltop's proposals for containing ambient dust particles at the site. The recommendation of the planning commission to approve Hilltop's petition did not dictate the decision of the fiscal court. The fiscal court was entitled to review the evidentiary record made before the planning commission and was at liberty to make adjudicative findings different from those found by the commission. *See McDonald, supra.* Moreover, we are not persuaded (as Hilltop suggests) that the fiscal court was required to make additional findings indicating exactly why its decision differed from those of the planning commission. There is simply no such requirement.

The judgment of the Boone Circuit Court is affirmed.

ALL CONCUR.