RENDERED: SEPTEMBER 30, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0726-MR

BLUEGRASS TRUST FOR
HISTORIC PRESERVATION                                                        APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 18-CI-03781

LEXINGTON FAYETTE URBAN COUNTY
GOVERNMENT PLANNING COMMISSION;
COMMONWEALTH OF KENTUCKY, EX REL.
DANIEL CAMERON, ATTORNEY GENERAL;
THE RESIDENCES AT SOUTH HILL, LLC; AND
WILLIAM WILSON                                                               APPELLEES

OPINION AND ORDER
DISMISSING APPEAL

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

CLAYTON, CHIEF JUDGE: Bluegrass Trust for Historic Preservation

("Bluegrass") appeals from the Fayette Circuit Court's order finding that the

Lexington-Fayette Urban County Government ("LFUCG") Planning Commission (the "Planning Commission") was not arbitrary or capricious in approving certificates of appropriateness ("COA") authorizing the demolition of the Commonwealth Building located in Lexington, Kentucky.

For the following reasons, we hereby dismiss the appeal and cross-appeal based on this Court's lack of jurisdiction under Kentucky Revised Statute ("KRS") 100.3471.

### FACTUAL AND PROCEDURAL BACKGROUND

Bluegrass contested a property owner's proposal to demolish the Commonwealth Building and redevelop the property. The LFUCG Board of Architectural Review first approved the property owner's proposal. Bluegrass and others appealed that decision to the Planning Commission, which also approved the proposal. Bluegrass then appealed the Planning Commission's decision to the Fayette Circuit Court, which also delivered a decision in favor of the property owner.

Thereafter, Bluegrass filed a notice of appeal seeking review from this Court. Under KRS 100.3471, the property owner asked the circuit court to order Bluegrass to post an appeal bond. Bluegrass argued that the circuit court should only require a *de minimis* bond, but the circuit court orally ordered a bond of $50,000 at the end of the hearing on the matter. The circuit court signed a written

order to that effect on July 30, 2020, and entered the order on August 5, 2020. Appellant subsequently filed a motion for reconsideration under Kentucky Rule of Civil Procedure ("CR") 59 and 60, arguing that KRS 100.3471 was unconstitutional. Appellant provided notice to the Attorney General on August 7, 2020.

The circuit court denied Bluegrass's motion for reconsideration. Thereafter, Bluegrass failed to pay the required bond within the 15-day deadline set forth in KRS 100.3471, and the property owner moved to have this appeal dismissed. That motion is still pending.

We will discuss further facts as they become relevant to this Opinion.

## ANALYSIS

In planning and zoning matters, KRS 100.347 provides for appeals to the circuit court from the final actions of the board of adjustment, the planning commission, or the legislative body of any city, county, or consolidated local government. However, the statute at issue here – KRS 100.3471 – seeks to limit the subsequent appeals of such cases to the Court of Appeals.

To this end, the statute provides for the imposition of a bond on the appellant upon motion by the appellee. KRS 100.3471(1). If a party appeals a circuit court's decision in a planning or zoning matter, the appellee has thirty days to file a motion for such a bond. KRS 100.3471(2). The circuit court is thereafter

required to hold a hearing to set the amount of the bond, the maximum amount of which is based on the circuit court's determination of whether the appeal is presumptively frivolous or not. KRS 100.3471(3).

If the court finds that the appeal is presumptively frivolous, after considering such factors as whether "the appeal is of a ministerial or discretionary decision[,]" and whether or not there exists "a reasoned interpretation supporting the appellant's position[,]" it "shall consider all costs, economic loss, and damages that the appellee may suffer or incur during the pendency of, or that will be caused by, the appeal, including attorney fees and court costs, up to a maximum bond amount of two hundred fifty thousand dollars ($250,000)." KRS 100.3471(3)(b) and (c).

If the court finds that the appeal is not presumptively frivolous, it "shall consider the costs that the appellee may incur during the pendency of the appeal, including but not limited to attorney fees and court costs, plus interest payable on land acquisition or development loans, up to a maximum bond amount of one hundred thousand dollars ($100,000)." KRS 100.3471(3)(d).

Notably, the statute requires the circuit court to dismiss the appeal if the appellant does not post the bond within fifteen days of the circuit court's determination of the bond amount. KRS 100.3471(3)(f).

Bluegrass presents the following grounds for holding the statute to be unconstitutional: (1) it violates the Kentucky Constitution's separation of powers; (2) it imposes an unconstitutional penalty on the right to appeal found in Section 115 of the Kentucky Constitution; (3) it violates the right to equal protection under the United States Constitution and the Kentucky Constitution; and (4) it violates the constitutional prohibition against special legislation.

Alternatively, Appellees and the Commonwealth argue that KRS 100.3471 is constitutional and a requirement that must be met before this Court has jurisdiction to hear the underlying appeal and cross-appeal.

Regarding Bluegrass's separation of powers argument, Kentucky Constitution Section 116 vests exclusive jurisdiction in the Supreme Court to prescribe "rules of practice and procedure for the Court of Justice." However, Section 111(2) of the Constitution states that the Court of Appeals "shall exercise appellate jurisdiction *as provided by law*." (Emphasis added.) As our Supreme Court noted in *Commonwealth v. Farmer*, "[j]urisdiction is a threshold consideration for any court at any level of the Kentucky court system." 423 S.W.3d 690, 692 (Ky. 2014). As the Court further discussed, "[t]he 'as provided by law' language . . . authorizes the legislature to prescribe the appellate jurisdiction of the Court of Appeals." *Id*. (citations omitted).

In enacting KRS 100.3471, the General Assembly utilized its authority to prescribe this Court's appellate jurisdiction. By stating that an "appeal *shall* be dismissed" if the appellant fails to post the necessary bond within the appropriate time, KRS 100.3471 removes such an appeal from the Court of Appeals' jurisdiction. Stated another way, KRS 100.3471 provides that the Court of Appeals' jurisdiction only encompasses appeals in which the appellant timely posts the required bond. Because Section 111 of the Constitution allows the legislature to define the Court of Appeals' jurisdiction, the General Assembly did not violate the separation of powers in enacting KRS 100.3471. Rather, the General Assembly employed the power given to it by the Constitution.

Nor do we believe that the statute levies a penalty on all prospective appellants that functions to take away their right to appeal under Section 115 of the Constitution. As the Kentucky Supreme Court explained, "[c]onstitutional challenges to statutes generally fall within one of two categories: a facial challenge or an as-applied challenge." *Commonwealth v. Bredhold*, 599 S.W.3d 409, 415 (Ky. 2020). Bluegrass brought a facial challenge to the statute, which is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *Harris v. Commonwealth*, 338 S.W.3d 222, 229 (Ky. 2011) (internal quotation marks and citation omitted); *see also Bredhold*, 599 S.W.3d at 415-16.

Here, Bluegrass cannot make such a showing, as there could be many circumstances by which an appellant has the financial means to post the appeal bond under KRS 100.3471.

Additionally, the statute is not unconstitutional as applied to Bluegrass. "[I]n order to declare a statute unconstitutional as applied, a court must find the law unconstitutional as applied to the challenger's particular circumstances." *Bredhold*, 599 S.W.3d at 416 (citation omitted). Here, Bluegrass has not shown that it is indigent or otherwise incapable of satisfying the bond requirement. The record indicates that Bluegrass had recently been able to procure a $25,000 bond. Additionally, its 2017 Form 990 disclosed "net assets or fund balances" of approximately $5.6 million. Finally, nothing else in the record indicated that Bluegrass could not secure a $50,000 bond. Thus, Bluegrass did not demonstrate that the statute was unconstitutional as applied to its "particular circumstances." *Id*. While we note that KRS 100.3471 may be unconstitutional as applied to an indigent appellant, that issue is not before this Court.

Moreover, the statute does not violate the equal protection clauses of the United States or the Kentucky Constitution. "[T]he level of judicial scrutiny applied to an equal protection challenge depends on the classification made in the statute and the interest affected by it." *Zuckerman v. Bevin*, 565 S.W.3d 580, 595 (Ky. 2018) (citation omitted). Statutes that affect economic policy are subject "to a

less searching form of judicial scrutiny, *i.e.*[,] the 'rational basis' test." *Id.* (citation omitted). Indeed, "[a] statute complies with Kentucky equal protection requirements if a 'rational basis' supports the classifications that it creates." *Id.* at 596 (citations omitted).

KRS 100.3471 survives such scrutiny, as "there is [a] reasonably conceiv[ed] state of facts that could provide a rational basis for the classification." *Zuckerman*, 566 S.W.3d at 596. The General Assembly stated the statute's purpose in Section 2 of House Bill 72 as follows: "to curb unnecessary appeals of land[-]use cases, which appeals burden the courts, cause loss of jobs and loss of tax revenue, and many times render time-sensitive projects such as multifamily affordable housing projects undevelopable . . . [.]" Thus, a rational basis existed for KRS 100.3471.

Finally, Bluegrass argues that KRS 100.3471 violates the prohibition against special legislation found in Section 59 of the Kentucky Constitution. However, in *Calloway County Sheriff's Department v. Woodall*, 607 S.W.3d 557, 573 (Ky. 2020), the Supreme Court held that a statute only violates the prohibition on special legislation if it "applies to a particular individual, object or locale." After applying such test, we hold that KRS 100.3471 does not violate Section 59 "for the simple reason that the statute does not apply to a particular individual, object or locale." *Id.*

Moreover, even if Bluegrass had posted a bond with the circuit court under KRS 100.3471, we would still affirm the circuit court because the Planning Commission's actions were not arbitrary. The Kentucky Supreme Court has stated that "such determinations are not subject to review by the judiciary except for the limited purpose of considering whether such determinations are arbitrary." *Hilltop Basic Resources, Inc. v. County of Boone*, 180 S.W.3d 464, 467 (Ky. 2005) (citation omitted). Moreover, "[a]rbitrariness review is limited to the consideration of three basic questions: (1) whether an action was taken in excess of granted powers, (2) whether affected parties were afforded procedural due process, and (3) whether determinations are supported by substantial evidentiary support." *Id.* (citation omitted). Indeed, "[i]f the zoning agencies observe due process requirements, judicial review is confined to the record made before those agencies." *City of Louisville v. McDonald*, 470 S.W.2d 173, 179 (Ky. 1971).

In this case, Bluegrass primarily challenges the Planning Commission's decision based on the third element of this test. When determining whether evidence is substantial, "[t]he test . . . is whether when taken alone or in the light of all the evidence it has sufficient probative value to induce conviction in the minds of reasonable men." *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972) (citation omitted). Here, the record reflects members of the Planning Commission's staff presented evidence that the property was not

listed on the National Register of Historic Places as a contributing structure within the area in which it was located. Moreover, experts opined that the mid-century modern-style office did not contribute to the historic district in which it was located, as that district was primarily composed of federal and Greek Revival-style homes or other architectural styles from the early 19th and 20th centuries. The foregoing evidence was sufficient for the circuit court to conclude that the Planning Commission's actions were not arbitrary. Thus, substantial evidence supported the Planning Commission's decision.

## CONCLUSION

We hereby ORDER that this appeal and cross-appeal be DISMISSED for lack of jurisdiction because Appellants failed to timely post the bond required under the circuit court's order and KRS 100.3471.

ENTERED: __09-30-2022__

_Denise G. Clayton_
_____
CHIEF JUDGE, COURT OF APPEALS

ALL CONCUR.

-10-

BRIEFS FOR APPELLANT:

Jessica K. Winters
Lexington, Kentucky

BRIEF FOR APPELLEE
LEXINGTON FAYETTE URBAN
COUNTY GOVERNMENT
PLANNING COMMISSION:

Tracy W. Jones
Lexington, Kentucky

BRIEF FOR APPELLEE THE
RESIDENCES AT SOUTH HILL,
LLC:

William M. Lear
Nick Nicholson
Lexington, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY, EX REL. DANIEL
CAMERON, ATTORNEY
GENERAL:

S. Chad Meredith
Matthew F. Kuhn
Brett R. Nolan
Assistant Attorneys General
Frankfort, Kentucky