RENDERED: JANUARY 20, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0852-MR

PARIS CITY COMMISSION; CITY OF
PARIS; DARON JORDAN, CITY
MANAGER IN HIS OFFICIAL
CAPACITY WITH THE CITY OF
PARIS; MATT PERRAUT; MAYOR
MICHAEL J. THORNTON, IN HIS
OFFICIAL CAPACITY WITH THE
CITY OF PARIS; MICHAEL
KENDALL; PARIS BOARD OF
COMMISSIONERS; TIM GRAY; AND
WALLIS BROOKS                                                    APPELLANTS


APPEAL FROM BOURBON CIRCUIT COURT
v.        HONORABLE JEREMY MICHAEL MATTOX, JUDGE
ACTION NO. 18-CI-00206


JOHN VANCE; GUY HUGUELET;
MARY ANN HAYES; RANDY
DARNELL; AND STEVE WRIGHT

APPELLEES

AND


NO. 2021-CA-0879-MR


JOHN VANCE; GUY HUGUELET;
MARY ANN HAYES; RANDY
DARNELL; AND STEVE WRIGHT                          CROSS-APPELLANTS

PARIS CITY COMMISSION; CITY OF
PARIS; DARON JORDAN, CITY
MANAGER, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY; MATT
PERRAUT; MAYOR MICHAEL J.
THORNTON; MAYOR MICHAEL J.
THORNTON, IN HIS OFFICIAL
CAPACITY AS MAYOR; MICHAEL
KENDALL; PARIS BOARD OF
COMMISSIONERS AND ITS
MEMBERS IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES; TIM
GRAY; AND WALLIS BROOKS                    CROSS-APPELLEES

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND VACATING

** ** ** ** **

BEFORE:  DIXON, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE:  This case involves 47 acres of property located in Paris,

Kentucky (hereafter, the "Property").  Representatives of the city of Paris,

Kentucky, applied for a zoning map amendment to rezone the Property from a

conservation district to light industrial.  The Paris City Commission and its

representatives (hereafter, "the City"), entered into a non-disclosure deal with a prospective corporate purchaser to conceal its identity. It appears that a bourbon distillery was to be built on the Property. The local planning and zoning commission ("Planning Commission") held a hearing during which evidence was presented, and then voted six to three to deny the zone map amendment. The Planning Commission was overruled by a unanimous vote by the City.

The Appellees are local residents, John Vance, *et al.*, (hereafter "the Residents"). Due to their objections to the zoning decision, Residents filed suit pursuant to KRS[1] 100.347(3) against the City. The Bourbon Circuit Court subsequently issued a judgment in the Residents' favor, thereby abrogating the City's ordinance adopting the map amendment. The court specifically found that the City's decision was not supported by substantial evidence, and that Appellees were denied due process.

The City appealed to this Court as a matter of right. Case No. 2021-CA-0852-MR. The Residents did not file a brief in that case. However, they cross-appealed the circuit court's dismissal of their civil rights claims under 42 U.S.C.[2] § 1983. Case No. 2021-CA-0879-MR. For the following reasons, we affirm the circuit court in part, reverse in part, and vacate.

---

[1] Kentucky Revised Statutes.

[2] United States Code.

-3-

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[3] 56.03. And as the Kentucky Supreme Court observed in *Hilltop Basic Resources, Inc. v. County of Boone*:

> since zoning determinations are purely the responsibility and function of the legislative branch of government, such determinations are not subject to review by the judiciary except for the limited purpose of considering whether such determinations are arbitrary. [*American Beauty Homes Corp. v. Louisville & Jefferson County Planning & Zoning Comm'n,* 379 S.W.2d 450, 456 (Ky. 1964)]. Arbitrariness review is limited to the consideration of three basic questions: (1) whether an action was taken in excess of granted powers, (2) whether affected parties were afforded procedural due process, and (3) whether determinations are supported by substantial evidentiary support. *Id.*

180 S.W.3d 464, 467 (Ky. 2005). "Substantial evidence means evidence that is sufficient to induce conviction in the minds of reasonable people." *Smith v. Teachers' Ret. Sys. of Kentucky*, 515 S.W.3d 672, 675 (Ky. App. 2017) (citation omitted).

> However, decision makers are not free to be biased or prejudicial when performing nonjudicial functions. To

---

[3] Kentucky Rules of Civil Procedure.

-4-

the contrary, any bias or prejudicial conduct which demonstrates "malice, fraud, or corruption" is expressly prohibited as arbitrary. *National-Southwire Aluminum* [*v. Big Rivers Elec. Corp.*, 785 S.W.2d 503, 515 (Ky. App. 1990)]. Furthermore, decisions tainted by conflicts of interest or blatant favoritism are also prohibited as arbitrary. *See* [*City of Louisville v. McDonald*, 470 S.W.3d 173, 177 (Ky. 1971)].

*Hilltop Basic Res., Inc.*, 180 S.W.3d at 469. With these standards in mind, we turn to the facts of the present case.

## ANALYSIS

KRS 100.213 is of primary relevance to our analysis. It requires the following:

(1) Before any map amendment is granted, the planning commission or the legislative body or fiscal court must find that the map amendment is in agreement with the adopted comprehensive plan, or, in the absence of such a finding, that one (1) or more of the following apply and such finding shall be recorded in the minutes and records of the planning commission or the legislative body or fiscal court:

(a)   That the existing zoning classification given to the property is inappropriate and that the proposed zoning classification is appropriate;

(b)   That there have been major changes of an economic, physical, or social nature within the area involved which were not anticipated in the adopted comprehensive plan and which have substantially altered the basic character of such area.

In the present case, the City complied with this statutory directive. More precisely, the City issued thirty-three findings of fact in support of the ordinance authorizing the zoning amendment. Therein, the City specifically found that the zone change was appropriate. *See* KRS 100.213(1)(a). The findings generally focused on the economic benefits of rezoning the Property as light industrial. The City cited to continued declines of the tobacco and golf course industries in Kentucky. *See* KRS 100.213(1)(b). It specifically found that the Property has historically been used for tobacco warehouses, many of which are now abandoned. *Id.* The City also specifically found that the Stoner Creek Country Club located on the Property had become defunct. *Id.*

As to due process, the Residents and their counsel were permitted to voice their concerns at a lengthy hearing before the Planning Commission. There is no indication that the City failed to consider the Commission's record and recommendation. *See* KRS 100.211(2). *See also Hilltop*, 180 S.W.3d at 469 (internal quotation marks and citation omitted) ("The fundamental requirement of procedural due process is simply that all affected parties be given the opportunity to be heard at a meaningful time and in a meaningful manner.").

We are not the entity most apprised of the uniquely local concerns at issue here. Rather, this Court is ultimately charged with determining whether the legislative decision was arbitrary. Based on the foregoing, we conclude that it was

not.  Although the details of the underlying development deal may have been controversial and confined, there is nothing cited in the record indicating that the City's decision was arbitrary.  *See id.* (internal quotation marks omitted and emphasis added) ("At its core, arbitrariness review is concerned primarily with the product [of legislative or administrative action], and not with the *motive or method* which produced it.").

To reiterate, the governing legislative body here is the City.  Having considered the proposition, the City's representatives unanimously voted for the amendment – supported by thirty-three findings of fact.  In consideration of our standard of review and the robust separation of powers provisions contained in our state constitution, absent a serious infirmity of substance or procedure, we will not interfere with the City's judgment.  We see no such infirmity here.

In their cross-appeal, the Residents argue that the circuit court erroneously granted summary judgment in the City's favor.  They specifically argue that they were entitled to discovery concerning their civil rights claims, that the court erred in concluding the City was entitled to legislative immunity, and also erred in concluding that their civil rights claims were not viable.  Because we agree with the circuit court that the civil rights claims were not viable, we need not address discovery or immunity.

A panel of this Court has addressed the dismissal of a claim under 42 U.S.C. § 1983 arising from a zoning decision:

> [T]he question of whether a plaintiff like SouthPointe is permitted to bring additional claims hinges on whether a Kentucky statute provides both the unlawful action and the remedy. KRS 100.347 does. Like the *Robbins* plaintiffs, SouthPointe has not shown that its harms arise from anything other than a planning commission decision and is therefore limited to its statutory action pursuant to KRS 100.347. *See Greater Cincinnati Marine Service, Inc. v. City of Ludlow*, 602 S.W.2d 427 (Ky. 1980) (holding that claims which are broader in scope than implicated within the context of a zoning appeal may be brought by a separate complaint).

*SouthPointe Partners, LLC v. Louisville Metro Gov't*, No. 2019-CA-1784-MR, 2021 WL 1936084, at *8 (Ky. App. May 14, 2021), *discretionary review denied* (Mar. 16, 2022).[4] *See also Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 321 (6th Cir. 2017); *Brooks v. Oldham Cnty. Plan. Comm'n*, No. 2011-CA-001015-MR, 2012 WL 5629734, at *9 (Ky. App. Nov. 16, 2012); and *Anderson v. Collins*, 191 F.3d 451, 1999 WL775925, at *5 (6th Cir. Sep. 24, 1999) (Nelson, J., concurring).

The Residents have not cited any binding authority to the contrary, and we are aware of none. We specifically find *SouthPointe Partners, LLC* and its reasoning to be persuasive. Like that case, the Residents have "not shown that

---

[4] SouthPointe Partners' petition for a writ of certiorari was denied by the United States Supreme Court on October 3, 2022.

[their] harms arise from anything other than a planning [] decision and is therefore limited to its statutory action pursuant to KRS 100.347." *SouthPointe Partners, LLC*, 2021 WL 1936084, at *8.

## **CONCLUSION**

For the foregoing reasons, we AFFIRM the Bourbon Circuit Court's order entered on July 2, 2021, dismissing Appellees'/Cross-Appellants' claims. We REVERSE and VACATE its order entered on May 12, 2021.

ALL CONCUR.

BRIEFS FOR APPELLANTS/
CROSS-APPELLEES:

Jeffrey C. Mando
Jennifer L. Langen
Covington, Kentucky

Bryan H. Beauman
Lexington, Kentucky

BRIEF FOR APPELLEES/CROSS-
APPELLANTS:

T. Bruce Simpson, Jr.
Lexington, Kentucky